# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| SCOTT BENNETT §<br>§<br>v. §<br>§<br>DOUGLASTON REALTY §<br>MANAGEMENT CORP. d/b/a §<br>ROCKFARMER PROPERTIES § | CIVIL ACTION NO. 3:24-CV-2787-S |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Douglaston Realty Management Corp. d/b/a Rockfarmer Properties' Unopposed Amended Motion to File Under Seal ("Motion to Seal") [ECF No. 38]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

In this lawsuit, Plaintiff Scott Bennett alleges that Defendant breached the parties' Employment Agreement and unlawfully discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and Chapter 21 of the Texas Labor Code. Pl.'s Am. Compl. [ECF No. 9] ¶¶ 19-44. Defendant filed its Motion for Summary Judgment [ECF No. 35], along with its Appendix to the Motion for Summary Judgment ("Appendix") [ECF No. 35-2]. Defendant requests leave to file four exhibits included in the Appendix under seal.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information

placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant seeks leave to file four documents included in the Appendix under seal: three spreadsheets regarding "financials and performance" at Defendant's properties and a Forbearance Agreement. Mot. to Seal ¶ 2.

In support of nondisclosure, Defendant makes three arguments. First, the spreadsheets include the personal identifying information of Defendant's tenants. *Id.* Second, all four documents include information regarding the financial status of Defendant's properties, and such information would likely give Defendant's competitors an unfair advantage. *Id.* Third, the information contained in the documents is not publicly available. *Id.* ¶ 3.

Courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). Additionally, specific allegations regarding competitive harm may support sealing

or redaction. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

The Court finds the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here. The spreadsheets contain third parties' confidential information. *See MIECO*, 2022 WL 18034481, at *2. Further, all four exhibits contain Defendant's private financial information, and Defendant has explained that disclosing such information would likely cause it competitive harm. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). As such, the Court will seal the relevant exhibits.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Unopposed Amended Motion to File Under Seal [ECF No. 38]. The Court **DIRECTS** Defendant to file the three spreadsheets and Forbearance Agreement under seal. As a result of this ruling, the Court **TERMINATES AS MOOT** Defendant's Unopposed Motion to File Under Seal [ECF No. 34]. That motion and the attached documents shall remain under seal.

**SO ORDERED.**

SIGNED August 25, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**